## JAMES WILSON *vs.* TREMONT AND SUFFOLK MILLS.

Middlesex.    March 10, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Tort — Personal Injury — Obvious Risk.*

The plaintiff, an employee of the defendant, while standing upon a moulding about two inches wide around the top of a machine for drying cotton, known as a " dryer," and endeavoring to attach a rope to a spike driven into a beam overhead which he could just touch with his hands, lost his balance, fell to the ground, and was injured. *Held*, in an action for the injuries, that the risk was obvious, that the plaintiff must be considered to have understood and assumed it, and that the defendant was not liable for the injuries.

TORT at common law, for personal injuries received by the plaintiff while in the defendant's employ. The material facts were as follows. The plaintiff had been employed two or three days before the accident to work on a machine known as a dryer, which was a structure of wood twelve feet long, six or seven feet wide, five feet high and open at the top, inside of which about one foot from the top was stretched a stout wire netting, on which the cotton goods manufactured by the defendant were laid to be dried. Around the top of the dryer was a wooden moulding about two inches wide and convex on its upper surface.

When the cotton was dry it was taken from the dryer and put into bags supported by ropes attached by loops to spikes driven into the beams supporting the ceiling. At the time of the accident the plaintiff had been directed by the overseer having charge of the room to hang the ropes supporting a bag to the spikes, and had stepped upon the moulding of the dryer, and was endeavoring to fasten the rope, when he missed his balance and fell to the floor, receiving severe injuries. It appeared that the plaintiff had been instructed how to hang the bags by the overseer, who while giving him a practical illustration said, " This is the way we do it," stepped upon the moulding, and, steadying himself with one hand against the beam, hung the rope with the other; and that before the accident the plaintiff himself had successfully put up the ropes once or twice. The plaintiff was not so tall as the overseer, and standing upon the moulding could just reach the beam. It was admitted that the plaintiff would testify that in performing this act he relied to a certain extent upon the instructions and directions of the defendant. *Hopkins,* J. was of the opinion that there was no evidence which would warrant the jury in finding a verdict for the plaintiff, and directed them to return a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. Bent,* for the plaintiff.

*G. F. Richardson & G. R. Richardson,* (*D. M. Richardson* with them,) for the defendant.

MORTON, J. For aught that appears, the plaintiff was of full age, and of ordinary intelligence. He had been told how to do the work on which he was engaged at the time of the injury. He had done the identical thing once or twice before which he was attempting to do when hurt. There was no concealed danger nor defect, nor any danger which he could not appreciate. It was perfectly obvious that if he slipped or missed his hold he was liable to fall. We think he must be held to have understood the risk, and to have voluntarily incurred it. The mere fact that the defendant told him to take the cotton from the dryer did not make a concealed danger of that which was obvious before, or render involuntary his assumption of a risk which was incident to and part of his regular work, and which he knew to be such and understood.   *Exceptions overruled.*